IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VLADIMIR OROPEZA DIAZ** | : | CIVIL ACTION NO. 1:11-CV-0728 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN DAVID EBBERT** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is an emergency petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Vladimir Oropeza Diaz ("Diaz"), an inmate confined at the Federal Correctional Institution at Allenwood ("FCI Allenwood"), in White Deer, Pennsylvania. Diaz, who is currently housed in the Special Housing Unit ("SHU") at FCI Allenwood, requests a restraining order and immediate transfer. He alleges that he and the respondent entered into a protective custody agreement whereby Diaz would remain in the SHU to protect his health and safety until a transfer to another facility could be effectuated. Diaz contends that respondent is attempting to place him in the general prison population in violation of that agreement and at substantial risk to his safety. For the reasons that follow, the petition will be dismissed.

I.  **Background**

Diaz is currently serving a ninety (90) month term of imprisonment imposed by the United States District Court for the Southern District of Florida for conspiracy to obstruct, delay and affect interstate commerce by means of robbery.

(Doc. 9, Ex. 1 at 3). Factoring in good conduct time release, Diaz's projected release date is August 30, 2014. (Id. at 3-4).

On March 16, 2011, Diaz entered the Lieutenant's Office at FCI Allenwood and requested to be placed in the SHU for protection. (Doc. 6-1, at 2). He stated that he felt his life was in danger. (Id.) After a medical assessment officials placed Diaz in the SHU pending further investigation. (Id.) Prison officials initiated the investigation that very day. The investigating officer conducted interviews with Diaz and other inmates, but the officer was unable to verify any of Diaz's concerns. (Id. at 4). As a result, in a report dated April 11, 2011, the investigating officer recommended that Diaz be returned to the general population. (Id.)

On April 13, 2011, prison officials ordered Diaz to pack his belongings to return to the main compound. (Doc. 9, Ex. 1, at 14). Diaz refused. (Id.) Officials issued an incident report to Diaz for refusal to accept a program assignment. (Id.) The incident report is pending before the Disciplinary Hearing Officer. (Id. at 16).

On April 18, 2011, Diaz filed the instant emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Diaz requests a restraining order and immediate transfer, alleging that he has a binding contract with the respondent to protect his health and safety by removing him from the facility. (Id.) Diaz claims he faces the risks of harm or death if returned to the general prison population. On April 20, 2011, the court issued an order to show cause and ordered expedited briefing on the matter. (Doc. 3). In accordance with that order, the respondent, Warden David Ebbert ("Ebbert"), filed a response on April 27, 2011. (Doc. 9).

Ebbert asserts that the court should dismiss Diaz's petition for failure to exhaust administrative remedies, or alternatively, on the ground that a § 2241 habeas petition is the inappropriate vehicle for Diaz's claims. Diaz filed his reply on May 5, 2011 and an amending document on May 6, 2011. (Docs. 11, 12). Diaz contends that a § 2241 motion is appropriate to challenge prison transfers, type of detention and prison conditions. (Doc. 12). The matter has been fully briefed and is now ripe for disposition.[1]

## II. Discussion

Respondent Ebbert asserts that Diaz's challenge is not appropriately rased by way of habeas corpus petition. Because this contention implicates the court's jurisdiction over the matter, the court will address it first.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 may be utilized to challenge the fact or duration of confinement, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002), or the execution of the inmate's sentence. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). To obtain relief pursuant to § 2241, an inmate must show that he is being held "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §

---

[1] The court notes that, as of the date of this memorandum, Diaz has failed to comply with this court's April 20, 2011 Order to pay the requisite filing fee for his petition or file an affidavit to proceed *in forma pauperis*. (Doc. 3). In light of the court's conclusion that Diaz's claim is not cognizable in habeas, the requirement is moot.

2241. It is clear that Diaz's petition does not challenge the fact or duration of his confinement. Instead, Diaz claims that his challenge is to the execution of his sentence as delineated in the Third Circuit's opinion in Woodall v. Federal Bureau of Prisons, 432 F.3d 235. (See Doc. 12).

In Woodall the Third Circuit addressed an inmate's § 2241 challenge to a Bureau of Prisons regulation limiting an inmate's placement in community confinement. Woodall, 432 F.3d 235. The Third Circuit acknowledged that the precise meaning of "execution of sentence" is "hazy," and turned to other Circuits to inform its understanding. Id. at 242. In particular, the Third Circuit cited the Second Circuit's definition of execution which includes "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Id. (quoting Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). On the basis of this language, Diaz contends that his request for relief is properly raised by way of a § 2241 habeas petition.

Despite the apparently broad language, the Woodall case is distinguishable from the present matter. The Woodall court concluded that the inmate's claim fell within the execution of his sentence, and therefore, the court determined that the claim was cognizable in habeas corpus. Id. at 243-44. However, the Woodall court's conclusion was based in pertinent part on the fact that "[c]arrying out a sentence through detention in a C[ommunity] C[onfinement] C[enter] is very different from carrying out a sentence in an ordinary penal institution." Id. at 243. This

distinction pushed the inmate's petition across the line "beyond a challenge to, for example, a garden variety prison transfer." Id.

Subsequent to Woodall, and in accordance with the court's reasoning in that case, the Third Circuit has concluded (albeit in a non-precedential opinion) that challenges to routine transfers or decisions to deny transfers may not be raised under § 2241. See Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882, 883-84 (3d Cir. 2007) (concluding that petitioner's challenge to prison's refusal to transfer him to another prison was not cognizable pursuant to § 2241 and stating that "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . a quantum of change in the level of custody" (internal quotations and citation omitted)); Woodall, 432 F.3d at 241; see also Uhl v. Contri, Civil No. 4:CV-08-1294, 2008 WL 3992281, at *2 (M.D. Pa. Aug. 27, 2008).

In the instant matter Diaz does not assert that he is entitled to placement in a half-way house, or less secure prison setting. To the contrary, Diaz asserts that he is contractually entitled to a transfer to another prison for his safety despite prison officials' findings that protective custody is unwarranted. "[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . this does not make § 2241 actions like 'conditions of confinement' lawsuits, which are brought under civil rights laws." Stanko v. Obama, 393 Fed.

5

App'x 849, 850-51(3d Cir.) (citations and quotations omitted) (holding that cruel and unusual punishment claim arising from the seizure of an inmate's legal papers falls outside the scope of challenges properly brought in habeas).  When an inmate's challenge is to "a condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate.  Leamer, 288 F. 3d at 542.  Diaz's requested relief would neither alter his sentence nor undo his conviction.  Therefore, his claim does not appropriately lie in habeas.  See also Allen v. Smith, No. 3:CV 05 2486, 2005 WL 3320785 (M.D. Pa. Dec. 7, 2005) (denying inmates § 2241 petition alleging improper placement in the SHU and seeking release to the general population on grounds that petition did not challenge fact or duration of confinement nor would favorable resolution result in release or adjustment to sentence).

Assuming *arguendo* Diaz's habeas petition is proper, he nevertheless would not be entitled to relief.  Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing § 2241 habeas claims.  Speight v. Minor, 245 F. App'x 213, 215 (3d Cir. 2007); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion promotes a number of goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Courts, however, have excused exhaustion when it would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (exhaustion excused upon petitioner demonstrating futility); Lyons v. United States Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion excused when agency actions clearly and unambiguously violate statutory or constitutional rights).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with prison grievance process set forth in the Code of Federal Regulations. See 28 C.F.R. § 542.10-.23; Lindsay v. Williamson, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. Id. at §§ 542.15(a), 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

Documents submitted by respondent clearly establish that Diaz has not exhausted his administrative remedies. In fact, Diaz has not filed any grievances

with FCI Allenwood related to this matter. (See Doc. 9 Ex. 1, at 5, 12). Diaz asserts that he need not exhaust his administrative remedies because would be futile based on the purported endangerment to his physical safety. (Doc. 11). The court disagrees.

It appears that Diaz is either confused or misinformed about his placement in the SHU. Diaz repeatedly refers to a contract for protective custody and the binding nature of the purported contract. (See Doc. 1, at 1, 2, 3; Doc. 11, at 4, 5, 6).[2] He asserts that he entered a binding protective custody agreement in which respondent agreed to remove Diaz from the main compound and transfer him to another prison for his health and safety. The record does not indicate any protective custody agreement. Instead, the record establishes that Diaz unilaterally requested to be placed in the SHU out of fear for his safety. Prison officials responded promptly to his concerns. He was immediately placed in the SHU pending an investigation. That investigation found Diaz's concerns unjustified. As a result, the investigating official concluded that protective custody was unwarranted and recommended that Diaz be returned to the general prison population. (Doc. 6-1, at 4). There is nothing in the record to suggest that the

---

[2] Diaz asserts that he is not raising any Eighth Amendment or Due Process claim and is only arguing "contract law binding principles." (Doc. 11, at 1, 6). However, Diaz's contractual claims are not appropriately raised in a § 2241 habeas petition. To obtain relief pursuant to § 2241, Diaz must show that he is being held "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. Despite Diaz's statements to the contrary, for the purpose of this analysis, the court construes the petition liberally as asserting an Eighth Amendment claim.

investigation was inadequate or that the conclusion of prison officials is incorrect. Diaz's disagreement with the result of the investigation does not warrant an exception to the exhaustion requirement. Therefore, Diaz must first seek recourse through the administrative grievance procedures.[3]

## III. Conclusion

For the foregoing reasons the court will dismiss the emergency petition for writ of habeas corpus (Doc. 1) pursuant to § 2241 for lack of jurisdiction.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:    May 10, 2011

---

[3] Moreover, an incident report regarding Diaz's refusal to leave the SHU is currently pending before the Disciplinary Hearing Officer. To the extent Diaz challenges the incident report, his challenge is premature. The incident is pending hearing and is not final.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VLADIMIR OROPEZA DIAZ** : | **CIVIL ACTION NO. 1:11-CV-0728** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **WARDEN DAVID EBBERT** : | |
| Respondent : | |

## ORDER

AND NOW, this 10th day of May, 2011, upon consideration of the emergency petition for writ of habeas corpus (Doc. 1) and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED.

2. The Clerk of Court is directed to CLOSE the case.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge